## BECK v SCHMIDT

Ohio Appeals, 3rd Dist, Seneca Co
No 181.  Decided May 7, 1930

Frank T. Dore, Tiffin, for Beck.
Spitler & Flynn, Tiffin, for Schmidt.

JUSTICE, J.

It will be observed that the action was commenced within six months from the day that the claim was rejected and within eighteen months from the day the defendant qualified as administratrix.

It will be further observed that the administratrix, prior to the presentation of the claim, had, by the approval of the court of probate, made, after paying all known claims, distribution of the balance of the estate to the heirs at law, and had, by said court, been discharged of her trust.

Plaintiff contends that she had eighteen months within which to present her claim to the administratrix for allowance and within which to commence her action.

Defendant contends that the action was not maintainable for that prior to the presentation of the claim and the commencement of the action, by the approval of the court of probate, the assets of the estate had been distributed, the estate had been closed and the administratrix discharged.

Do the facts pleaded in the second defense constitute, in law, a defense to plaintiff's cause of action? That was the question before the court below and is the sole question here.

It is undoubtedly true that whatever power the defendant as administratrix possessed with respect to the administration of the estate, was derived from statutory enactment. It is, therefore, imperative that we look to the General Code for the solution of the problem here. The only pertinent sections are **10492-3, 10722, 10740, 10741, 10746, 10748, 10762, 10820, 10836** and **10842**.

Manifestly these Sections constitute a part of a system established by our legislature for the administration of estates. They relate to the same subject-matter and should, if possible, be construed together to the end that no conflict shall exist between them, and that full force and effect shall be given to their various provisions. Lewis-Sutherland Statutory Construction,

Volume 2, Section 443, page 844.

Coming now to the problem in hand. Concededly, the action at bar was commenced within six months from the day the claim was rejected and within fourteen months from the time the defendant gave bond as administratrix.

Said **Section 10722**, provides:
"If a claim against the estate of a deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and has not been referred within six months after such dispute or rejection, if the debt, or any part of it be then due, or within six months after some part becomes due, the claimant must commence a suit for the recovery thereof, or be forever barred from maintaining an action thereon. . ."

Said **Section 10746**, in part, provides:
"No executor or administrator shall be held to answer to the suit of any creditor of the deceased unless it be commenced within eighteen months from the time of his giving bond, except as hereinafter provided. . . ."

Obviously the action at bar does not fall under the ban of either of these Sections.

Admittedly, however, defendant, about nine months after her appointment, rendered upon oath, a final account of her administration, and upon hearing and settlement of such account, was ordered by the court to make distribution of the balance of the assets of the estate to the heirs at law, which she has done.

Said **Section 10820**, provides:
"Within twelve months after his appointment, every executor or administrator shall render his account of his administration upon oath, and in like manner render such further accounts thereof every twelve months thereafter, and at such other times as the court requires, until the estate is wholly settled."

Said **Section 10836**, provides:
"If upon hearing and settlement of such account, a balance due the estate remains in the hands of the executor or administrator, the court in its discretion may order distribution to be made by him according to law."

Said **Section 10842**, provides:
"When an executor or administrator has paid over or delivered the money or other property in his hands to the

persons entitled thereto as required by the order of distribution, or otherwise, he shall perpetuate the evidence thereof by presenting to the court, within six months after such order was made, an account of such payments or the delivery over of such property; which, being proved to the satisfaction of the court, and verified by the oath of the party, shall be allowed as his final discharge, and ordered to be recorded. Such discharge shall forever exonerate the party and his sureties from liability under such order, unless his account be impeached for fraud or manifest error."

A reading of said **Sections 10820, 10836** and **10842**, will disclose that none of them, whether considered separately or collectively, limits the time in which an estate shall be administered. These Sections, however, should be interpreted, among others, with **Sections 10740, 10746, 10748** and **10762.** Otherwise, violence will be done to the rule that statutes which are in parimateria must be, if possible, construed together and so as to harmonize and give effect to their various provisions.

Applying the above mentioned rule to the statutes in question, we are constrained to hold that our legislature intended that a claimant such as plaintiff, should have eighteen months from the day an administratrix such as defendant, gave her bond, within which to present her claim for allowance and within which to prosecute her action if said claim was rejected and disallowed, and that an administratrix such as defendant could not by obtaining an order from the court of probate, directing a distribution of the balance of the assets of the estate to the heirs at law and discharging her of her trust, take from plaintiff her said statutory right.

In **Harris v. O'Connell, Admrx., 85 Oh St 136,** Justice Spear, at page 145, said:

"It is plain that the general assembly considered that four years (it is now only eighteen months) computed from the moment when the law created a responsible representative of the decedent, competent to allow or reject claims, and liable to suit upon rejected claims, was as much time as ought to be allowed for any ordinary creditor to delay the distribution of an estate."

To like import are the statements of Judge Rockel in his work on Probate Practice, Sections 552 and 614.

It seems fitting to say in passing, that the exoneration and discharge of defendant are referable only to the items set forth in the distributive account. In the instant case the plaintiff, who was not a party to the proceeding in the court of probate, does not attack either the judgment of the court of probate or the order of exoneration and discharge. Hence, the pronouncement of our Supreme Court in **Crawford, Admr. v. Zeigler, et al., 84 Oh St 224,** and the provisions of **Section 10842** do not apply.

In the case at bar plaintiff seeks a judgment. As to its satisfaction, in the event one is obtained, we, of course, are not now concerned.

It occurs to us that further comment is unnecessary except to say that the provisions of **Section 10741,** are, of course, not applicable to the fact here.

Holding these views, it follows that the judgment of the court below should be reversed. Judgment reversed and cause remanded.

Hughes, J, dissenting.

The defendant was appointed, and qualified as administratrix of the estate of Otto E. Schmidt, deceased, on the 22nd day of February, 1921, and on that date gave notice of her appointment according to law, in the newspapers of Seneca county. Thereafter, on the 17th day of September, 1921, she filed her final account in the probate court, notice of which was duly advertised and the same was settled, allowed and approved by the court on the 15th day of October, 1921, and on said date, by said court she was ordered to make distribution of the balance of the assets due the estate, according to law. After making distribution of this balance of the assets pursuant to this order, she filed her distributive account on the 9th day of November, 1921, notice of which was duly given according to law, and the same, upon hearing, was allowed and she was discharged of her trust.

In April of 1922, the plaintiff filed her written statement of her claim against this estate, with said administratrix, which was rejected and disallowed and this suit against the administratrix was filed on May 16, 1922.

The petition sets forth the nature of plaintiff's claim; the death of Otto B. Schmidt; the appointment and qualification of defendant as administratrix; the date of presentation and rejection of her claim; and the prayer for allowance and payment of her claim.

In the second defense, found in the second amended answer and cross petition of the defendant, the other facts above set forth, are set out.

The judgment of the court below was in favor of the defendant on a demurrer to this second defense, dismissing plaintiff's petition.

It will be observed that the claim of plaintiff was filed (and suit started thereon) within eighteen months of, but fourteen months after the appointment of the defendant as administratrix and after a final distribution of the assets of the estate by the administratrix, which distribution, however, was made about eight months after her appointment.

The sole question for determination is whether or not an administrator, after the expiration of more than six months from her appointment, may safely distribute to the heirs, the balance of the estate after paying all presented claims for allowance, having first procured an order of the court for distribution, but within the eighteen months period allowed under Section 10746 of the General Code, within which a creditor may sue the administrator of an estate on his claim.

It is conceded by the plaintiff that if the distribution of the assets of the estate had been solely in the payment of creditors of the estate, she would have no remedy against the administratrix, because of the language found in Section 10741 General Code; but since the distribution was made to the heirs before the expiration of this eighteen months period, her position is that she still may sue on her claim and hold the administratrix.

It will be observed, however, that Section 10820 of the General Code requires an administrator to render account of his administration within twelve months after his appointment. Section 10836 provides that if upon hearing and settlement of such account, a balance due the estate remains in the hands of the administrator, the court in its discretion may order distribution to be made by him according to law.

Under sub-division 3 of 10492 GC, the probate court shall have exclusive jurisdiction to direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates.

It was said by Judge Donahue in rendering the decision of the court in the case of **Crawford v. Ziegler, 84 Oh St 224,** that the judgment of the probate court is just as conclusive and binding upon the parties as would be the judgment of any other court and before the judgment of any court can be opened up and set aside, it must appear, first, that the court had no jurisdiction of the parties to the action, or of the subject matter of the suit, or, second, that the judgment was procured by fraud of the prevailing party.

It would seem from these and related statutes, as well as from the decisions thereunder, that the policy of our law is that when it is made to appear that there are no further known claims against the estate and the administration thereof has been completed, that a distribution of the balance of the assets be made to the heirs as soon as possible.

While a creditor may at his pleasure defer the presentation of his claim for the full eighteen months, by virtue of **Section 10746** above referred to, yet such delay beyond the six months period apparently is at his own risk of finding no estate left for him. This position is strengthened by the language of **Section 10842, GC,** which says:

"Distribution; discharge.—When an executor or administrator has paid over or delivered the money or other property in his hands to the persons entitled thereto as required by the order of distribution, or otherwise, he shall perpetuate the evidence thereof by presenting to the court, within six months after such order was made, an account of such payments or the delivery over of such property; which, being proved to the satisfaction of the court, and verified by the oath of the party, shall be allowed as his final discharge, and ordered to be recorded. Such discharge shall forever exonerate the party and his sureties from liability under such order, unless his account be impeached for fraud or manifest error."

It may be urged that such a claimant as plaintiff here, would still be entitled to the allowance of her claim that she might pursue the distributees who have received the balance of the estate before a just claim has been paid or that her claim be allowed so that she might require the administratrix to recover from such distributees sufficient to pay her claim.

The answer to this seems to be found in this Section 10842 above quoted, because by virtue of its terms the administrator is discharged of his trust and he and his sureties are no longer liable.

What remedy equity provides for plaintiff to pursue the funds distributed to the heirs, is not before us for determination.

The demurrer to the second defense, admitting the truth of this situation, that is, that the administratrix, after a lapse of more than six months, made her accounting to the probate court showing all known debts of the estate paid and a balance due in her hands for distribution, and no proof of the plaintiff's claim brought to her attention until after this distribution made by her of all the balance of the estate and after the expiration of fourteen months time from her appointment, the judgment of the court was, in my opinion, correctly pronounced in favor of the defendant. For these reasons, I cannot agree with the majority opinion.